**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRIS DITTENHAFER, | No. 10-16909 |
| Plaintiff - Appellant, | D.C. No. 4:10-cv-01779-PJH |
| v. | |
| CITIGROUP, also known, as Citibank, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted January 17, 2012[**]

Before:    LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Chris Dittenhafer appeals pro se from the district court's judgment granting

defendant's motion to compel arbitration and dismissing his action alleging

employment discrimination claims under Title VII and the Americans with

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Disabilities Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000), and we affirm.

The district court properly compelled arbitration of Dittenhafer's claims under the Federal Arbitration Act (the "FAA") and California law because the arbitration policy in defendant's employee handbook covered Dittenhafer's statutory employment discrimination claims and was not substantively unconscionable. *See id.* (federal court's role under the FAA is limited to determining whether a valid agreement to arbitrate exists and whether it encompasses the dispute at issue); *see also AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1746 (2011) (California law requires both procedural and substantive unconscionability for a court to invalidate an arbitration clause).

Dittenhafer's remaining contentions are unpersuasive.

**AFFIRMED.**